# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JAMES McGINNESS, Respondent, *v.* THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW
YORK, Appellant.

*Common council of New York — has no power under the charter to settle and com-*
*promise claims against the city.*

Appeal from a judgment in favor of the plaintiff, entered upon
a verdict directed by the court.

The complaint alleges that the plaintiff was the owner of a horse,
cart and harness, which were lost solely through the negligence of
the defendants; that the common council of the city acted in
reference to the loss, and passed a resolution directing that he be
paid the sum of $350; that shortly thereafter he called upon the
comptroller in relation to the subject, who declined to settle, adjust
or pay the same; that he again presented his claim to that officer,
but that it was never paid. The resolution referred to in the com-
plaint authorized and directed the comptroller to draw his warrant
in favor of the plaintiff for the sum named, to reimburse him for
the loss of a horse, cart and harness from the pier at the foot of
Fifty-third street, East river, caused by a defective string piece,
said amount to be charged to the appropriation for " city contin-
gencies," or any other appropriate account. The plaintiff demurred
to the defense interposed by the defendant, which alleged exhaus-
tion of the moneys appropriated for " city contingencies," as not
stating facts sufficient to constitute a defense to this action.

Justice Lawrence, after hearing argument upon the demurrer,
rendered judgment for the plaintiff, with costs. In his opinion he
announced as a rule of law, the liability of the defendants for
any loss or damage which the plaintiff sustained by reason of the

defective construction of the pier, or its dangerous condition, and declared that he knew of no law which prohibited the city from compromising such a case and thereby avoiding litigation. He further said that the law imposed the liability upon the defendants, and that the plaintiff's right of action was complete when the accident occurred, and further, that if the defendants became convinced that they could not successfully resist a suit at his hands, and therefore determined to compromise the claim, then he could not in justice lose his right of action against them by their failure to make an appropriation. No appeal was taken from the judgment thus rendered.

Upon the trial the plaintiff's counsel offered in evidence the resolution of the common council, which was objected to upon the ground that that body had no power to pass it, and that it was incompetent evidence until the plaintiff first proved that there was money to the credit of the appropriation, to be disposed of when the resolution was passed. Plaintiff then rested.

The defendants' counsel then put in evidence the summons and complaint to fix the date of the commencement of the suit in April, 1876. It was then admitted that demand for payment was made upon the comptroller by the plaintiff on the 1st of March, 1875. The defendant's counsel thereupon moved to dismiss the complaint upon the following grounds:

*First.* That the cause of action presented by the plaintiff is founded upon the loss of a horse, wagon and harness, alleged to have occurred in 1869, more than six years prior to the commencement of the action, and that, therefore, the action is barred by the statute of limitations.

*Second.* That the resolution, as the proof in the case stands, is insufficient to give the plaintiff any right to recover, because the common council have no power to direct a payment from the city treasury, except from existing appropriations, and that to give validity to the resolution directing the comptroller to disburse money from a specific fund proof is necessary that there was money to the credit of the appropriation when the resolution was passed.

*Third.* That the common council had no power by resolution to bar the city from the defense of the statute of limitations.

*Fourth.* That the common council had no power to enter into a

settlement and adjustment of this claim, and to agree to pay $350 for this alleged loss, for the reason that by the charter of the city in force in December, 1871, the power to settle and adjust all claims against the city is given to the finance department, and to that department only.

The court at General Term said : " The demurrer had only disposed of so much of the answer as was demurred to, and the case stood for trial upon the complaint and the general denial.

" The plaintiff on the trial produced the resolution of the common council and substantially rested his case upon that. The motion to dismiss clearly raised the question, amongst others, whether that proof was sufficient to maintain the action. I am clearly of opinion that it was not. The power to settle and adjust claims and demands against the city is not vested in the common council. It will be a sorry day for the city when that is done.

" As a co-ordinate branch of the city government the powers and duties of the common council are clearly defined and expressed in the charter. The council derives its power from the charter, as do all the other departments of the city government. It is not given to them by their own resolution to adjust and settle disputed claims against the city, nor to determine what claims shall or shall not be paid, nor what amount shall be paid on claims which the department of finance rejects. In this case it is alleged that the plaintiff's claim had twice been presented for payment to the comptroller and twice refused or rejected. The law recognizes but one mode of establishing the claim after such rejection, and that clearly is not by resorting to the common council and obtaining the passage of an arbitrary resolution ordering the comptroller to pay and charge any designated fund.

" To tolerate such a course would lead to monstrous abuses against which the people of the city would have no protection. ' *Ne sutor ultra crepidam* ' is the rule applicable to every branch of the government created by the act of incorporation, and a rigid enforcement of it alone affords anything like safety for the public. My Brother BRADY fails to find any express authority for the course taken in this case by the common council or any precedent for it. This alone establishes the lack of power, for that body would not be likely to have hesitated at any period in the past to have freely

used a power which, if it existed, would effectually put the whole city treasury into its hands.

" The plaintiff may have a good cause of action; if so he must prove it in the ordinary mode and not by an arbitrary and unauthorized act of the common council. The motion to dismiss his complaint should have been granted, and the exception to the denial is well taken.

" The judgment should be reversed and a new trial ordered, with costs to abide the event."

*E. Henry Lacombe*, for the appellant.

*Elliot Sandford*, for the respondent.

Opinions by DAVIS, P. J.; DANIELS, J., concurring; BRADY, J., dissenting.

Judgment reversed, new trial ordered, costs to abide event.